**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SABRINA L. COX, | ) CASE NO. 1:23-cv-01977 |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| BANK OF AMERICA, | ) |
| Defendant. | ) **MEMORANDUM OPINION AND ORDER** |

Plaintiff Sabrina L. Cox, appearing *pro se*, alleges in her Complaint that Defendant Bank of America violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and the Uniform Commercial Code (UCC), Ohio Rev. Code. § 1303.31 (UCC 3-301); *id.* § 1303.69 (UCC 3-604), by "failing to perfect [its] security interest" in her automobile loan, selling "the loan note" and converting it "into an asset-backed security," and failing to disclose "the securitization process." (R. 1). She seeks damages, injunctive relief, and declaratory judgment. (*See id.* at PageID# 1–2). Defendant has moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (R. 9, PageID# 51).[1] Plaintiff filed an "answer in response to" the motion to dismiss, but she did not address the merits of Defendant's arguments. (R. 11). Defendant replied

---

[1] Although the Court referred this action to the assigned magistrate judge for pretrial management, that order indicates the "undersigned will rule directly on each dispositive motion filed in this action." (R. 7).

supporting its motion to dismiss. (R. 12). Both Plaintiff and Defendant have submitted supplemental authority. (R. 15; R. 16). For the following reasons, Defendant's motion to dismiss is GRANTED in its entirety.

### I. Standard of Review

A Rule 12(b)(6) motion to dismiss challenges whether a complaint pleads a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To get past the pleading stage, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard is not akin to a 'probability requirement,'" but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted).

A court resolving a Rule 12(b)(6) motion "must consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). In doing so, a court must accept as true all the factual allegations contained in the complaint and construe them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). A court need not accept as true conclusions of law, "labels," "a formulaic recitation of the elements of a cause of action," and naked assertions "devoid of further factual enhancement," though these "can provide the framework of a complaint." *Iqbal*, 556 U.S. at 678–79. "When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief" under governing law. *Id.* at 679.

Because Plaintiff is a layperson representing herself, her Complaint "is 'to be liberally construed'" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Nevertheless, Plaintiff must satisfy basic procedural rules and pleading standards, *see Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)), and the Court need not "conjure allegations" on her behalf, *Erwin*, 22 F. App'x at 580.

## II. Background[2]

On October 16, 2021, "Plaintiff and Defendant entered into a retail installment contract, which constituted an auto loan for … Plaintiff to purchase a vehicle." (R. 1, PageID# 1). However, "Defendant neglected to include the note, the evidence of debt, in the security agreement and did not file a financing statement." *Id.* Then, "Defendant initiated a securitization process, which involved the sale of the loan note" and "effectively converted … Plaintiff's loan into an asset-backed security." *Id.* Defendant did so "[w]ithout informing or gaining the consent of … Plaintiff." *Id.*

Plaintiff's Complaint asserts claims under the TILA and the UCC. (*Id.* at PageID# 1–2). On her first TILA claim, she alleges that "Defendant's non-disclosure of the securitization

---

[2] The facts set forth herein come from Plaintiff's Complaint. (R. 1). All well-pleaded factual allegations and reasonable inferences therefrom are presented as true and in the light most favorable to Plaintiff as the nonmovant. *See Erickson*, 551 U.S. at 93–94.

process is a violation of the TILA." *Id.* On the remaining TILA and UCC claims, she alleges that Defendant failed "to include the note … in the security agreement and did not file a financing statement, thus failing to perfect the security interest correctly." (*Id.* at PageID# 1). After doing so, Defendant sold the note, meaning that it "[wa]s not the holder of the note." (*Id.* at PageID# 2). Plaintiff asserts Defendant "forfeited its right to enforce the note," thereby "nullifying [Plaintiff's] obligation to pay the debt." *Id.* Additionally, Plaintiff contends "by selling the note, … Defendant voluntarily discharged [Plaintiff's] debt …, absolving [her] of any liability under the note." *Id.* She requests relief in the form monetary damages, unspecified declaratory judgment, and the Court ordering "Defendant to produce the original note and to demonstrate that it was not securitized." (*Id.* at PageID# 1–2).

Defendant moved to dismiss the Complaint. (R. 9). Defendant argues that Plaintiff fails to state a TILA claim because she "does not identify which material disclosures were not provided." (*Id.* at PageID# 57). Defendant also argues that Plaintiff fails to state both her TILA and UCC claims because securitization does not make a loan unenforceable. (*Id.* at PageID# 58).

Plaintiff filed an "answer in response to" Defendant's motion to dismiss. (R. 12). This filing, however, does not address Defendant's arguments. *See id.* Instead, it restates the TILA claim and requests new forms of declaratory and injunctive relief for the first time. *See id.* (she "seeks a declaratory judgment … that Defendant has no legal right to enforce a security interest in the [v]ehicle or to collect the alleged debt due to violations of TILA" as well as an injunction "prohibit[ing] Defendant from attempting to collect the alleged debt or enforce any purported security interest against the [v]ehicle"). It does not restate Plaintiff's UCC claims. *See id.* Defendant filed a reply supporting its motion to dismiss. (R. 12). Defendant reiterates the arguments from its motion to dismiss and argues that Plaintiff's failure to respond to the merits

of its "arguments regarding her theory of 'securitization'" waives "any defense to th[ese] arguments." *Id.*

### III. Analysis

#### A. Failure to Respond

A plaintiff's failure to respond to a motion to dismiss "amounts to a forfeiture of" the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013). "Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond thereto." *March v. Securitas Sec. Servs. USA*, No. 1:23cv194, 2023 WL 5417778, at *3 (W.D. Mich. July 28, 2023) (citing *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008)), *report & recommendation adopted*, 2023 WL 5379747 (W.D. Mich. Aug. 22, 2023).

Here, Plaintiff's "answer in response to" the motion to dismiss fails to address Defendant's arguments' merits, (*See* R. 12), which amounts to a failure to respond, *see Cox v. Bank of America, N.A.*, No. 1:23cv1976, 2024 WL 3091056, at *3 (N.D. Ohio June 21, 2024). The Court could grant Defendant's motion to dismiss on this ground alone. *See March*, 2023 WL 5417778, at *3. Nevertheless, the Court will address the substance of the Complaint and the motion to dismiss.

#### B. TILA Disclosure Claim

The TILA "was enacted to promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms." *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 163 F.3d 948, 950 (6th Cir. 1998) (citing *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1040 (6th Cir. 1984); 15 U.S.C. § 1601). The TILA lists the required disclosures, 15 U.S.C. § 1638(a), and dictates the "[f]orm and timing of" the required disclosures, *id.* §

1638(b). "Failure to abide by disclosure requirements established in [the] TILA may subject a creditor to civil liability." *Cox*, 2024 WL 3091056, at *3 (citing 15 U.S.C. § 1640).

Here, Defendant argues that Plaintiff fails to state a plausible claim because she "does not identify which material disclosures were not provided." (R. 9, PageID# 57). Under the TILA, "a creditor's principal disclosure obligations arise *before* the credit transaction is consummated." *Begala*, 163 F.3d at 950 (citing *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 246 (6th Cir. 1980); 12 C.F.R. § 226.17(b)); *see also* 12 C.F.R. § 226.17(b). "In close-ended transactions such as [Plaintiff]'s car loan, the required disclosures … are to be made as of the time that credit is extended, and it is as of that time that the adequacy and accuracy of the disclosures are measured." *Begala*, 163 F.3d at 950 (citations omitted) (citing 15 U.S.C. § 1638(b); *Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1296 (3d Cir. 1978)). Plaintiff does not mention, let alone contest, the adequacy of the material disclosures made when credit was extended. (*See* R. 1). Instead, she alleges that when Defendant later sold the loan, it did so "without informing" her, "gaining [her] consent," or disclosing "the securitization process." (*Id.* at PageID# 1–2). These allegations fail to support a contention that any "mandatory disclosure was not properly or timely submitted." *Cox*, 2024 WL 3091056, at *3. Rather, they allege that Defendant violated the TILA by failing to make a subsequent disclosure. This claim is not actionable under TILA's express language. TILA states that even when an "act, occurrence, or agreement subsequent to the delivery of the required disclosures" renders the required disclosures inaccurate, the "inaccuracy resulting therefrom does not constitute a violation of [TILA]." 15 U.S.C. § 1634. Thus, Defendant's subsequent "non-disclosure of the securitization process," which Plaintiff does not allege rendered any mandatory disclosures

6

inaccurate, (*see* R.1), does not violate the TILA. Therefore, Plaintiff fails to state this TILA claim.

### C. TILA and UCC Securitization Claims

On the remaining TILA and UCC claims, Plaintiff alleges that "Defendant neglected to include the note … in the security agreement and did not file a financing statement." (R. 1, PageID# 1). She alleges that Defendant "fail[ed] to perfect the security interest correctly" or potentially eliminated its interest and her debt by later selling it. (*See id.* at PageID# 1–2). Based on these assertions, she alleges that Defendant violated the TILA and the UCC, thereby nullifying her debt. (R. 1, PageID# 1–2). Defendant argues that securitization does not make a loan unenforceable. (R. 9, PageID# 58).

Defendant is correct that "as a matter of law, securitization alone does not render a note … unenforceable and does not alter a borrower's obligation to pay back h[er] loan." *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014) (per curiam) (citing *Samples v. Bank of Am., N.A.*, No. 3:12cv44, 2012 WL 1309135, at *3–5 (E.D. Tenn. Apr. 16, 2012)); *see also Cox*, 2024 WL 3091056, at *3. "Rather, securitization creates 'a separate contract, distinct from [a p]laintiff's debt obligations under the reference credit (i.e. the Note).'" *Dauenhauer*, 562 F. App'x at 480 (alteration in original) (citing *Larota-Florez v. Goldman Sachs Mortg. Co.*, 719 F. Supp. 2d 636, 642 (E.D. Va. 2010)); *see also Cox*, 2024 WL 3091056, at *3. "Accordingly, Plaintiff's claim[s] that [Defendant] violated the TILA" and the UCC "fail[] as a matter of law." *Cox*, 2024 WL 3091056, at *3–4.

## IV. Conclusion

For the foregoing reasons, Defendant's Rule 12(b)(6) motion to dismiss, (R. 9), is GRANTED. Plaintiff's Complaint is dismissed in its entirety for failure to state an actionable claim.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

Date: February 27, 2025